# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-20180

United States Court of Appeals
Fifth Circuit
**FILED**
May 3, 2019
Lyle W. Cayce
Clerk

United States Courts
Southern District of Texas
FILED
*May 28, 2019*

David J. Bradley, Clerk of Court

JESSE O'QUINN; ALBERT BENNETT,

Plaintiffs - Appellants

v.

CITY OF HOUSTON, TEXAS,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-1203

Before JONES, HO, and OLDHAM, Circuit Judges.

PER CURIAM:*

Jesse O'Quinn, an employee of the Houston Fire Department, found a hangman's noose in a fire station locker. Understandably, O'Quinn and his co-plaintiff Albert Bennett, both African-American males, brought the noose to the attention of the Executive Assistant Chief of the station. After this meeting, O'Quinn and Bennett allege they were subjected to racial discrimination, a hostile workplace, and retaliation for reporting the noose. So

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20180

they sued the City of Houston on those theories. The district court granted summary judgment to the City. We affirm, for essentially the reasons offered by the district court.

We separately address the retaliation claim because it was the issue that dominated oral argument. The district court concluded, as we do, that O'Quinn and Bennett offered insufficient evidence of an adverse employment action.[1] On appeal, plaintiffs' only theory of recovery is that they lost overtime wages. And at oral argument, plaintiffs' counsel offered a compelling narrative that O'Quinn and Bennett lost overtime opportunities because of the City's alleged retaliation, costing them approximately $20,000 a year. Oral Arg. 3:15–3:30.

If the record supported this conclusion, we may well have reversed. After all, losing $20,000 in overtime wages—approximately 40% of the plaintiffs' $45,000–50,000 base salary—would certainly "dissuade[] a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)). *Cf. Brooks v. Firestone Polymers, L.L.C.*, 640 F. App'x 393, 397 (5th Cir. 2016) (per curiam) ("We have no precedential authority in our circuit establishing whether a denial of overtime constitutes an adverse employment action.").

But the assertions made by counsel at oral argument find no support in the record. For example, counsel stated that O'Quinn testified that his "number of assignments decreased" which "cost [O'Quinn] approximately $20,000" in overtime wages. Oral Arg. 2:10–4:39.

---

[1] "To establish a prima facie case of retaliation, the plaintiff must establish that: (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action." *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007) (per curiam).

No. 18-20180

We find no record support for those representations. First, O'Quinn never once claimed he lost overtime opportunities. Instead he says that he lost some assignments and that the assignments he did receive were less favorable ones. But he never says any of these changes affected his overtime. Second, O'Quinn disclaimed that he lost *any* wages as a result of the City's alleged retaliation:

> Q. What wages are you saying that you lost as a result of the events that form the basis of your lawsuit?
> A. I didn't say that I lost wages.
> Q. Okay. What are you seeking out of this lawsuit? What is it that you want from the city?
> A. Well, I actually want the city to at least have an admission of what happened.

O'Quinn therefore has provided insufficient evidence of retaliation.

As for Bennett, counsel represented that his overtime assignments were "cut entirely" and that Bennett had offered evidence of lost wages. Oral Arg. 4:40–8:40. True enough, unlike O'Quinn, Bennett actually mentioned losing overtime and claimed lost wages as a result. But he did not provide any evidence of which assignments he lost, how many assignments he lost, or the resulting decrease in his wages. In short, Bennett provided no evidence that would allow a jury to find lost wages.

Accordingly, because the record facts do not support the claims made at oral argument and cannot defeat summary judgment, we affirm.